**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ANGELA RENEA GEER,
Plaintiff-Appellant,

v.

C. A. PILGRIM, Anderson County
Deputy Sheriff; HARVEY C. BLACK,
Anderson County Deputy Sheriff;

No. 96-1635

GENE TAYLOR, Sheriff of Anderson
County; DOE I, Anderson County
Deputy Sheriff; DOE II, Anderson
County Deputy Sheriff; DOE III,
Anderson County Deputy Sheriff,
Defendants-Appellees.

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
G. Ross Anderson, Jr., District Judge.
(CA-95-3438-8-3)

Argued: October 3, 1997

Decided: November 18, 1997

Before RUSSELL and LUTTIG, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Herbert Shafer, Atlanta, Georgia, for Appellant. James
Victor McDade, DOYLE & O'ROURKE, Anderson, South Carolina,

for Appellees. **ON BRIEF:** Jack Horton Lynn, Greenville, South Carolina, for Appellant.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

On February 24, 1995, several Anderson County deputy sheriffs responded to a burglary report at an Anderson County residence. Because the officers discovered a shattered glass door panel upon their arrival, they searched the residence for intruders. During the search, the officers discovered two kilograms of cocaine (on the floor) in plain view. The officers eventually arrested the tenant of the residence, Michael Johnson, in July 1995, for conspiracy to traffic cocaine.

Upon arrest, Johnson made a voluntary statement to the officers implicating Darrell Lewis ("Lewis") in the sale and distribution of cocaine. Johnson stated that Lewis purchased cars and stereo equipment with the proceeds from his drug sales in the names of others so that the authorities would not detect his illegal earnings. Johnson also told the officers that Lewis purchased a 1994 Honda Accord and stereo equipment in the name of Veronica McCullough ("McCullough"), and a Honda Prelude in the name of his girlfriend, Angela Renea Geer ("Geer"), the appellant. Further investigation led to McCullough's arrest for money laundering.[1]

When McCullough was arrested, she also gave a voluntary statement in which she indicated that Lewis sold drugs; had made all sub-

_____

[1] During their investigation, the officers had obtained additional evidence indicating that McCullough had purchased the Accord with a $9,000 cashier's check, which Lewis had funded.

2

sequent loan payments on her Accord; dated Geer; and had given Geer $9,000 to purchase the Prelude. McCullough also informed the officers that Geer had direct access to Lewis' drug money. Pursuant to these statements, the officers arrested Geer for money laundering.

Although Geer spoke with two attorneys who advised her not to cooperate with the authorities, Geer made a voluntary statement implicating Lewis' illegal drug trade. Geer told the officers that she had a new set of tire rims at her house, which Lewis had purchased; that Lewis gave her $9,000 to purchase the Prelude; and that on July 18, 1995, Lewis had instructed her to pick-up a safe containing $30,000 in cash from a phone booth. After giving her statement, Geer permitted the officers to search her house, where they confiscated the safe, the $30,000 cash, and the tire rims.

The Anderson County Solicitor's Office has not tried Geer for money laundering. Consequently, Geer filed a civil action in federal district court pursuant to 42 U.S.C. § 1983, [2] against the Sheriff of Anderson County and five of his deputies (collectively the "Sheriffs"), alleging they violated her constitutional rights when they arrested her and seized certain property in her possession. Geer sought exemplary, punitive and actual damages, as well as attorneys's fees. The jury returned a verdict in favor of the Sheriffs, and the district court dismissed Geer's action on the merits. This appeal follows.

I.

Geer asserts the Sheriffs violated her Fourth Amendment right against unreasonable seizure when they arrested her for money laundering. At trial Geer argued that the affidavit underlying the arrest warrant was insufficient and that the Sheriff lacked probable cause for her arrest.

An arrest warrant is valid if there was probable cause for its issuance.[3] Probable cause requires enough evidence, which would enable the magistrate judge to reasonably conclude that an offense has been

_____

[2] 42 U.S.C.A. § 1983 (West Supp. 1997).

[3] U.S. Const. amend. IV.

3

committed and that the defendant has committed it. **4** Thus, the under-lying affidavit must provide a substantial basis for determining that probable cause exists. In the instant case, the affidavit for Geer's arrest warrant stated:

> That [Geer] did in the month of November take a cashier's check to Piedmont Honda on Clemson Boulevard for $9,000.00 to assist [McCullough] in the purchase of a vehicle to be placed in [McCullough's name] in order to hide the asset from law enforcement for Darrel Lewis so that it couldn't be traced to him, even though he exercised domin-ion and control over the vehicle after its purchase. This offense occurred in Anderson County on 11/01/94.

Pursuant to Federal Rule of Criminal Procedure 4, the affidavit identi-fied the date of the offense, the location of the offense, the amount of money that Geer allegedly laundered, and the source of the laun-dered money. This information indisputably supported the arrest war-rant's issuance and Geer's subsequent arrest. Because Geer failed to establish a defect in the arrest warrant, a reasonable jury could not have found that the Sheriffs violated Geer's constitutional rights. Accordingly, we hold that she cannot prevail on her section 1983 claim and we affirm the judgment below as to this issue.

II.

Having carefully reviewed the record, briefs, and contentions of the parties at oral argument, we hold Geer's remaining issues to be with-out any merit. Accordingly, we can find no error in the order and judgment of the district court, and we, therefore affirm the judgment below.

AFFIRMED

_____
**4** **Brinegar v. United States**, 338 U.S. 160, 175-76 (1949).

4